UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| ADRIAN LOVELL<br><br>*Plaintiff*,<br>vs.<br>DEVEREUX FOUNDATION, INC., D/B/A<br>DEVEREUX GLENHOLME SCHOOL,<br><br>*Defendant*. | NO. 3:17-CV-01411 (SRU)<br><br><br><br><br><br>JANUARY 19, 2018 |

**Answer and Affirmative Defenses**

The defendant, **The Devereux Foundation, Inc. d/b/a The Glenholme School**, answers and responds to the plaintiff's Amended Complaint dated December 8, 2017 as follows:

1.  The defendant admits that the plaintiff was a student at the residential boarding school operated by the Devereux Foundation, Inc. known as The Glenholme School located in northwest Connecticut. The defendant further admits that Melissa Lee Houck was an adult employee of the Devereux Foundation, Inc. The defendant denies that any employees of The Glenholme School "knew or should have known of the inappropriate relationship between Houck and Plaintiff, which was open and notorious, yet failed to act with reasonable care to protect Plaintiff. Among other things, she failed to warn the Plaintiff's mother or next friends regarding the School's knowledge of Houck's inappropriate contacts with Plaintiff." The defendant further denies that Judith Cooper was the Principal of The Glenholme School at the relevant time. As to the remainder of the allegations in

1

Paragraph 1, the defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations and, therefore, leaves the plaintiff to his proof.

**Parties, Jurisdiction and Venue**

2. The defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations and, therefore, leaves the plaintiff to his proof.

3. Admitted in part; denied in part. It is admitted only that The Devereux Foundation is a Pennsylvania corporation doing business in the State of Connecticut as The Glenholme School. The Glenholme School has a principal place of business at 81 Sabbaday Lane, Washington, Connecticut.

4. The defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations and, therefore, leaves the plaintiff to his proof. To the extent the allegations contained in this paragraph constitute conclusions of law, they are denied.

5. The defendant denies all allegations, direct or implied, of wrong doing in this paragraph. As to the remaining allegations contained in this paragraph, the defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations and, therefore, leaves the plaintiff to his proof.

6. Denied as phrased.

7. Admitted.

8. The defendant admits that, "in or about 2001," the plaintiff was a student at The Glenholme School. As to the remainder of the allegations in Paragraph 8, the defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations and, therefore, leaves the plaintiff to his proof.

9. The defendant admits that the plaintiff resided at The Glenholme School as a student. As to the remainder of the allegations in Paragraph 9, the plaintiff alleges

legal conclusions and as such the defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations and, therefore, leaves the plaintiff to his proof.

10.     The defendant admits that The Glenholme School operated as an independent boarding school and nonprofit treatment program. As to the remainder of the allegations in Paragraph 10, it is unclear as to the meaning of the allegations that Adrian "required specialized treatment" and as such, the defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations and, therefore, leaves the plaintiff to his proof.

11.     The defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations and, therefore, leaves the plaintiff to his proof.

12.     It is admitted that at various times contact information for Adrian's mother, step-father and Aunt had been provided to The Glenholme School. As to the remainder of the allegations in Paragraph 12, the defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations and, therefore, leaves the plaintiff to his proof.

13.     The defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations and, therefore, leaves the plaintiff to his proof.

14.     The defendant admits that it was an independent boarding school and nonprofit treatment program capable of providing a structured learning environment where the plaintiff would be supervised appropriately and where appropriate measures would be taken for the safety of all students.  To the extent the allegations contained in this paragraph constitute legal conclusions, they are denied  As to the remainder of the allegations in Paragraph 14, the defendant lacks knowledge or

information sufficient to form a belief about the truth of the allegations and, therefore, leaves the plaintiff to his proof.

15. The defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations and, therefore, leaves the plaintiff to his proof.

16. The defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations and, therefore, leaves the plaintiff to his proof.

17. The defendant admits that the plaintiff was placed in a residential cottage with 24 hour staffing. As to the allegations in the remainder of the paragraph, they are denied as phrased.

18. Denied.

19. The defendant admits that it employed Melissa Lee Houck ("Houck") to perform work and services at The Glenholme School and that her duties involved, among other things, student residential life at The Glenholme School related to residential and custodial functions, and that Houck escorted students on field trips, worked with younger students, escorted students to meals, classes and activities and supervised dormitories. The defendant denies the remainder of the allegations in Paragraph 19.

20. The defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations and, therefore, leaves the plaintiff to his proof.

21. The defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations and, therefore, leaves the plaintiff to his proof.

22. The defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations and, therefore, leaves the plaintiff to his proof.

23. Denied.

24. Denied.

25. The defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations and, therefore, leaves the plaintiff to his proof.

26. The defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations and, therefore, leaves the plaintiff to his proof.

27. Denied.

28. Denied.

29. The defendant admits that, at certain times and under certain circumstances, Houck was permitted, as part of her employment duties, to enter and be in Adrian's dormitory room. The remaining allegations are denied.

30. The defendant admits that school staff reported that Houck was in Adrian's room on Friday, April 12, 2002 and on Saturday, April 13, 2002. As to the remainder of the allegations in paragraph 30, the defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations and, therefore, leaves the plaintiff to his proof.

31. The defendant admits that Houck was reported by school employees to have been in Adrian's room and that for some period of time the door was closed. The defendant admits further that it was reported that language of a sexual nature and a sound of what could have been interpreted as tickling were overheard along with loud music. As to the remainder of the allegations in paragraph 31, the defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations and, therefore, leaves the plaintiff to his proof.

32. The defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations and, therefore, leaves the plaintiff to his proof.

33. Denied.

34. The defendant admits that during an investigation into the report of Houck being in Adrian's dormitory room, Judith Cooper questioned Houck and Adrian about the incidents as reported to her. The defendant denies that Judith Cooper was the School's Principal/Executive Administrator. As to the remainder of the allegations in Paragraph 34, the defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations and, therefore, leaves the plaintiff to his proof.

35. Denied.

36. Denied.

37. Denied.

38. The defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations and, therefore, leaves the plaintiff to his proof.

39. The defendant admits that after Adrian had left The Glenholme School he disclosed to The Glenholme School that he had been in a relationship with Houck and described certain aspects of that relationship that are sexual in nature, and that the information disclosed was reported to the Connecticut State Police. As to the remainder of the allegations in Paragraph 39, the defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations and, therefore, leaves the plaintiff to his proof.

40. The defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations and, therefore, leaves the plaintiff to his proof.

41. The defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations and, therefore, leaves the plaintiff to his proof.

### **Count I (Negligence)**

42. The defendant repeats and re-alleges the answers in paragraphs 1 through 41 above, as if fully set forth herein.

43−46. The defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations and legal conclusions contained in this paragraph and, therefore, leaves the plaintiff to his proof.

47. It is admitted that in its management and operation of The Glenholme School, the defendant undertook to provide Adrian with an appropriately supervised and structured environment.

48. . The defendant admits that it operated as an independent boarding school and nonprofit treatment program. To the extent the allegations contained in this paragraph constitute legal conclusions, they are denied. As to the remainder of the allegations of this paragraph, the defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained therein and, therefore, leaves the plaintiff to his proof.

49. The defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations and legal conclusions contained in this paragraph and, therefore, leaves the plaintiff to his proof. To the extent the allegations contained in this paragraph constitute legal conclusions, they are denied.

50. The defendant admits that the relationship between The Glenholme School and the plaintiff was that of student-school. As to the remainder of the allegations of this paragraph, the defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations and legal conclusions contained therein and, therefore, leaves the plaintiff to his proof.

51. The defendant admits that it had an employer-employee relationship with Melissa Lee Houck at certain times. The defendant denies that Houck was given

"unfettered access to and control over children at the School, including Adrian." As to the remainder of the allegations in Paragraph 51, the defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations and, therefore, leaves the plaintiff to his proof. To the extent the allegations contained in this paragraph constitute legal conclusions, they are denied.

52. Denied.

53. Denied.

54. Denied.

55. Denied.

56. Denied.

57. Denied.

58. Denied.

59. Denied.

60. Denied.

61. Denied.

62. Denied.

63. Denied.

64. Denied.

65. The defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations and, therefore, leaves the plaintiff to his proof.

66. Denied.

67. Denied.

68. Denied.

69. Denied.

70. The defendant denies any and all direct or implied allegations that it acted negligently and that any alleged negligence caused the plaintiff's claimed injuries and damages. As to the remainder of the allegations in Paragraph 70, the defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations and, therefore, leaves the plaintiff to his proof.

### Count II (Negligence Per Se)

71. The defendant repeats and re-alleges the answers to paragraphs 1 through 70 above as if fully set forth herein.

72. Denied.

73. The defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations and, therefore, leaves the plaintiff to his proof. To the extent the allegations contained in this paragraph constitute legal conclusions, they are denied.

74. As the allegations contained in this paragraph constitute legal conclusions, they are denied. The defendant further denies that Judith Cooper was the Principal of The Glenholme School at the relevant time.

75. Denied.

76. The defendant denies that any employees of The Glenholme School had reasonable cause to suspect or believe that Adrian was the victim of such criminal acts by Houck. The defendant also denies that Judith Cooper was the Principal of The Glenholme School at the relevant time. As to the remainder of the allegations in Paragraph 76, the defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations and legal conclusions contained therein and, therefore, leaves the plaintiff to his proof.

77. The defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations, legal conclusions and political statements contained therein and, therefore, leaves the plaintiff to his proof. To the extent the allegations contained in this paragraph constitute legal conclusions, they are denied.

78. Denied.

79. The defendant denies any and all direct or implied allegations that it acted negligently and that any alleged negligence caused the plaintiff's claimed injuries and damages. As to the remainder of the allegations in Paragraph 79, the defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations and, therefore, leaves the plaintiff to his proof.

### Count III (Recklessness)

80. The defendant repeats and re-alleges the answers to paragraphs 1 through 41 above as if fully set forth herein.

81. The defendant admits that it had an employer-employee relationship with Melissa Lee Houck at certain times. The defendant denies that Houck was given "unfettered access to and control over children at the School, including Adrian." As to the remainder of the allegations in Paragraph 81, the defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations and, therefore, leaves the plaintiff to his proof.

82. Denied.

83. Denied.

84. Denied.

85. Denied.

86. Denied.

87. Denied.

88. Denied.

89. Denied.

90. Denied.

91. Denied.

92. Denied.

93. Denied.

94. The defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations and, therefore, leaves the plaintiff to his proof.

95. Denied.

96. Denied.

97. The defendant denies that it acted recklessly and that its alleged recklessness caused the plaintiff's claimed injuries and damages. As to the remainder of the allegations in Paragraph 97, the defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations and, therefore, leaves the plaintiff to his proof.

### **Count IV (Breach of Fiduciary Duty)**

98. The defendant repeats and re-alleges its answers to paragraphs 1 through 97 above as if fully set forth herein.

99. The defendant admits that it had a school-student relationship with the plaintiff. As to the remainder of the allegations in Paragraph 99, the defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations and, therefore, leaves the plaintiff to his proof.

100. The defendant admits that it owned and operated The Glenholme School, which is a residential boarding school. As to the remainder of the allegations in Paragraph 100, the defendant lacks knowledge or information sufficient to form a

11

belief about the truth of the allegations and legal conclusions contained therein and, therefore, leaves the plaintiff to his proof.

101. The defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations and legal conclusions contained in this paragraph and, therefore, leaves the plaintiff to his proof.

102. The defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations and legal conclusions contained in this paragraph and, therefore, leaves the plaintiff to his proof.

103. The defendant admits that it had an employer-employee relationship with Melissa Lee Houck at certain times alleged in the complaint. The defendant denies that it gave Houck "unfettered access to and control over children at the School, including Adrian." As to the remainder of the allegations in Paragraph 103, the defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations and legal conclusions contained therein and, therefore, leaves the plaintiff to his proof.

104. Denied.
105. Denied.
106. Denied.
107. Denied.
108. Denied.
109. Denied.
110. Denied.
111. Denied.
112. Denied.
113. Denied.

114. Denied.

115. Denied.

116. Denied.

117. Denied.

118. Denied.

119. The defendant denies any legal conclusions and assumptions represented in paragraph 119 and further denies that any actions on the part of the defendant were a direct or proximate cause of the plaintiff's alleged injuries. As to the remainder of the allegations in Paragraph 119, the defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations and, therefore, leaves the plaintiff to his proof.

### Count V (Premises Liability)

120. The defendant repeats and re-alleges its answers to paragraphs 1 through 119 above as if fully set forth herein.

121. The defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations and legal conclusions contained in this paragraph and, therefore, leaves the plaintiff to his proof.

122. The defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations and legal conclusions contained in this paragraph and, therefore, leaves the plaintiff to his proof.

123. Denied.

124. Denied.

125. Denied.

126. Denied.

127. Denied.

128. The defendant denies that it breached a "duty in premises liability" and that its alleged breach caused the plaintiff's claimed injuries and damages. As to the remainder of the allegations in Paragraph 128, the defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations and, therefore, leaves the plaintiff to his proof.

**Affirmative Defenses**

As to all causes of action asserted by the plaintiff, the defendant asserts the following Affirmative Defenses:

FIRST DEFENSE

Pursuant to Conn. Gen. Stat. § 17a-101e(b), the defendant is immune from liability for negligence per se because the defendant had a good faith basis not to make a mandated report sooner than it did.

SECOND DEFENSE

To the extent the plaintiff has suffered any damages, those damages were proximately caused by the plaintiff's own contributory negligence.

THIRD DEFENSE

To the extent the plaintiff has suffered any damages, the plaintiff has failed to mitigate those damages.

FOURTH DEFENSE

To the extent the plaintiff has suffered any damages, those damages were proximately caused by the intentional and/or criminal actions of a third-party that superseded the defendant's alleged tortious conduct.

FIFTH DEFENSE

The plaintiff is estopped from asserting his claims to the extent they are based on, in whole or in part, the medical decisions of a medical professional.

## SIXTH DEFENSE

The plaintiff fails to state a claim upon which relief can be granted for breach of fiduciary duty because the defendant did not owe the plaintiff a fiduciary duty.

## SEVENTH DEFENSE

The plaintiff fails to state a claim upon which relief can be granted for breach of fiduciary duty because the plaintiff has not alleged, nor can he prove, that the defendant engaged in acts of fraud, conflict of interest or self-dealing.

## EIGHTH DEFENSE

The plaintiff is barred, in whole or in part, from recovering by the equitable doctrine of unclean hands, and cannot profit by his own fraud, or to take advantage of his own wrong, or to found any claim upon his own iniquity, or to acquire property by his own crime.

## NINTH DEFENSE

The plaintiff fails to state a claim upon which punitive damages can be awarded.

THE DEFENDANT,
THE DEVEREUX FOUNDATION, INC. D/B/A
THE GLENHOLME SCHOOL,

By: */s/ Jonathan A. Kocienda*
Jonathan A. Kocienda (ct20656)
jkocienda@danaherlagnese.com
Michael R. McPherson (ct24082)
mmcpherson@danaherlagnese.com
DANAHERLAGNESE, PC
21 Oak Street
Hartford, CT 06106
Phone (860) 247-3666
Fax (860) 547-1321

**<u>Certificate of Service</u>**

I hereby certify that on January 19, 2018, a copy of foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the courts CM/ECF System.

*/s/ Jonathan A. Kocienda*
Jonathan A. Kocienda (ct20656)
DANAHERLAGNESE, PC
21 Oak Street
Hartford, CT 06106
Phone (860) 247-3666
Fax (860) 547-1321